[Civ. No. 7927. Second Appellate District, Division One.—February 21, 1934.]

LEE HUEY, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Irving P. Austin and Samuel A. Rosenthal for Appellant.

Erwin P. Werner and Ray L. Chesebro, City Attorneys, and Frederick von Schrader. and Loren A. Butts, Assistant City Attorneys, for Respondent.

CONREY, P. J.—On the twenty-fifth day of June, 1929, the City of Los Angeles was the owner and engaged in the operation of a drawbridge, spanning a channel used and maintained by the city for the purpose of ingress and egress of ships, and connecting with a public highway. On said day Joseph Huey, a thirteen year old boy, was accidentally killed on said bridge. This action was brought by the father of said minor child to recover damages for the wrongful death of said Joseph Huey, which the plaintiff claims was caused by negligence of the defendant in its management and operation of said bridge.

By the complaint it was alleged, and the fact is not denied, that at the time of said accident the board of harbor commissioners of the city was charged with the duty of operating, maintaining and controlling the bridge, and that one Burt Edwards was the duly appointed and acting manager and chief administrative officer of said board, and that the defendant Hal Young was the person in charge of and en-

gaged in the operation of said drawbridge at the time of the accident.

The trial of the action resulted in a judgment of dismissal, which, as recited in the judgment, came about in this way: "It having been stipulated that plaintiff would first present evidence of having made a proper and sufficient demand upon the defendant City of Los Angeles, as by statute in such case made and required, and the plaintiff having presented all of his evidence upon said point, and the defendant having objected to the sufficiency thereof, and the objection having been sustained, whereupon the defendant moved for a dismissal of the action upon the ground that the court had no jurisdiction to hear the cause, and said motion having been granted,—Now, therefore," etc.

In opening his reply brief appellant makes the following statement of the question involved: "The question in this case is whether the drawbridge involved herein, located in the City of Long Beach, is *not* within the Harbor District, as designated and provided in Article XI, Section 138, of the Charter of the City of Los Angeles, and whether it was, therefore, *not* under the control, supervision or management of the Board of Harbor Commissioners, and further, whether it was *not* necessary to serve a demand upon or make a claim against the Board of Harbor Commissioners under said charter provisions."

It is an admitted fact that said drawbridge is located within the city of Long Beach, and not within the corporate limits of the City of Los Angeles. Nevertheless the city by its charter was authorized to maintain and operate the bridge, and in this action there is no contention to the contrary. Under section 139, subdivision (c), of the charter, the control, operation and maintenance of such structures is under the jurisdiction of the board of harbor commissioners, where such structures are within the harbor district. The charter provides (sec. 138) not only for possession and control by the said board of the entire waterfront, etc., of the city within the city limits, northerly and easterly of the government breakwater; but it is further provided that, under stated conditions, the council shall have power to place other and additional territory under the control, etc., of the board; and that the lands and waters under such control shall be known as the harbor district. On the record

before us it is an established fact that the drawbridge referred to in the complaint was within the harbor district. This fact has a vital effect upon appellant's "statement of question involved", by making his contention thereunder incorrect. ■ While no direct evidence was produced showing the existence of any ordinance of the council placing the location of said bridge or the bridge itself under the jurisdiction of the board of harbor commissioners, the fact that such ordinance had been adopted must be inferred because the complaint alleged, and the defendant has not denied, that the board of harbor commissioners was charged with and was actually performing the duty of operating the drawbridge; and also because in the absence of evidence to the contrary it is always presumed that official duty has been regularly performed. (Code Civ. Proc., sec. 1963, subd. 15; *Los Angeles Athletic Club* v. *Long Beach*, 128 Cal. App. 427, 430 [17 Pac. (2d) 1061].)

■ It is provided by the charter, section 376, that no suit shall be brought on any claim for money or damages against the City of Los Angeles, until a demand for the same has been presented "as herein provided, and rejected in whole or in part". It is also required by section 363 that "every claim and demand against the city . . . shall be first presented to and approved in writing by the board, officer or employee authorized by this charter to incur the expenditure or liability represented thereby". Also it is provided, section 368, that "no demand can be approved by any board, officer, or employee, or be audited, unless it specify each several item, with the date and amount thereof". It seems to be settled law that the provisions of section 363 of the charter apply to and include claims and demands such as the one in question here. (*Beeson* v. *City of Los Angeles*, 115 Cal. App. 122, 129 [300 Pac. 993].)

■ The only evidence offered by the plaintiff for the purpose of proving a demand addressed to the board of harbor commissioners consisted of a letter addressed by the plaintiff to Mr. Edwards, the general manager, and a reply thereto, and a report of the accident made by Mr. Edwards to the harbor commission. The court rejected this evidence. We think the objection to the documents was properly sustained, as they were not in form sufficient to comply with the requirements of the charter to which we have referred.

Even if the letter addressed to Mr. Edwards, together with the use which was made of it, might be construed to make of it a document presented to the board, it would not be a sufficient demand. Without adverting to other defects it is sufficient to note that there was no specification of the amount demanded or claimed.

The plaintiff also offered to introduce into evidence and to prove the presentation of another more formal and definite demand which he presented to the city council, and which was rejected by that body. To this evidence objection was made that the document offered did not tend to prove any issue presented by the case, and particularly that the presentation to the council of a claim or demand of the kind involved in this action is not proper or effective for any purpose. The court did not err in sustaining the objection. Under the provisions of the charter to which we have referred, the presentation to the board of harbor commissioners of a demand substantially complying with the provisions of the charter was essential to the plaintiff's right of action, and the failure to present such demand could not be cured by presenting a demand to the city council.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 20, 1934.

Curtis, J., and Preston, J., dissented.